UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GOVERNMENT ACCOUNTABILITY & OVERSIGHT
30 North Gould Street
Suite 12848
Sheridan, WY 82801,

        Plaintiff,

  v.

UNITED STATES DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue NW
Washington, DC 20530

        Defendant,

Civil Action No. 26-590

## **COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT**

Plaintiff GOVERNMENT ACCOUNTABILITY & OVERSIGHT ("GAO") for its complaint against defendant UNITED STATES DEPARTMENT OF JUSTICE ("DOJ") alleges as follows:

1.    This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*. for declaratory, injunctive, and other relief. Plaintiff seeks, *inter alia*, the immediate processing and release of agency records responsive to one FOIA request by plaintiff.

2.    This suit follows defendant's failure to provide a lawful determination with respect to plaintiff's FOIA request, constructive denial of plaintiff's request, failure to respond to plaintiff's administrative appeal of same, and/or its failure to adequately search for, process or produce certain responsive information and/or records, all in violation of plaintiff's rights and defendant's lawful obligations under FOIA.

3.    This request seeks records held by the same three custodians and over the same

period of time as records sought in one of three FOIA requests at issue in *Government Accountability & Oversight v. DoJ*, 26-299 (CJN). Pursuant to Local Civ. R. 40.5, Plaintiff believes the two cases are properly related.

## PARTIES

4.    Plaintiff Government Accountability & Oversight ("GAO") is a nonprofit organized under the laws of Wyoming. GAO is dedicated to education regarding responsible regulation and transparency in government, a key part of which is seeking public records illuminating how policymakers use public resources, and with whom, with publication and other media functions, all of which include broad dissemination of public information obtained under open records and freedom of information laws.

5.    Defendant the United States Department of Justice ("DOJ") is a federal agency headquartered in Washington, DC. Through the Attorney General and employees reporting to the Attorney General, DOJ supervises the United States Attorney in each judicial district.

## JURISDICTION AND VENUE

6.    This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because the defendants is federal agencies and this case is filed in the District of Columbia.

7.    Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because the defendant is a federal agency operating in the District of Columbia, because records are likely held or processed in the District of Columbia, and because this suit is filed in the District of Columbia.

8.    Plaintiff is not required to further pursue administrative remedies with respect to its FOIA request before seeking relief in this Court because it has already appealed

defendant's categorization of the request as "complex," and defendant's failure to respond to the underlying request. The defendant has failed to respond to plaintiff's administrative appeal, and defendant has also failed to provide the required "determination" on the request itself within the meaning of the FOIA.

## PLAINTIFF'S REQUEST

9.    On September 17, 2025, plaintiff submitted by FOIA.gov a request to defendant's Office of the Attorney General ("OAG"), through the FOIA.gov portal dedicated to requests of that Office, seeking copies of certain email correspondence over a specified seven-month period of time of three political-appointee custodians all within OAG, which contain one or more of five keyword terms pertaining to third-party litigation against energy companies in the name of catastrophic man-made global warming.

10.    On November 18, 2025, defendant sent an acknowledgement letter by which it assigned the tracking number FOIA-2025-06915 and assigned the request to defendant's "complex track," asserting or inferring, *inter alia* and without support, that defendant had actually conducted an initial search on which it based this conclusion: "The records you seek require a search in and/or consultation with another Office, and so your request falls within 'unusual circumstances.'"

11.    On December 17, 2025, by certified mail plaintiff appealed DOJ's purported consolidation of the instant FOIA request with others. This appeal raised as grounds for administrative relief that the Department erred in the above-described actions by categorizing the request as complex. Requester also appealed the Department's constructive denial of the FOIA request, including but not limited to the Department's failure to provide the required *CREW* determination within the statutorily required period

of time. *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013).

12.  Defendant received this appeal on January 6, 2026, according to United States Postal Service tracking. On January 15, 2026, Defendant acknowledged this appeal, claiming receipt on January 6, 2026, and assigned it the number A-2026-00512.

13.  The FOIA provides that a requesting party is entitled to a substantive agency response within twenty working days, including a determination of whether the agency intends to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i).

14.  Under the precedent of this Circuit, within the aforementioned statutory deadline, "a 'determination' under Section 552(a)(6)(A)(i) must be more than just an initial statement that the agency will generally comply with a FOIA request and will produce non-exempt documents and claim exemptions in the future. Rather, in order to make a "determination" and thereby trigger the administrative exhaustion requirement, the agency must at least: (i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the "determination" is adverse." *CREW*, 711 F.3d at 188.

15. Defendant has not provided the information required by *CREW*. *Id*.

16.  Defendant has failed to provide a determination with respect to either the plaintiff's administrative appeal or the underlying request, and is in violation of its obligations under FOIA.

17.  Defendant has yet to inform GAO of, e.g., the approximate number of potentially responsive records it is processing or expects to process. Nor has DOJ provided records

responsive to the request.

18.  Defendant has thereby failed to provide timely access to agency records in violation of FOIA.

### FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

19.  Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

20.  Plaintiff has sought and been denied production of responsive records reflecting the conduct of official business.

21.  Plaintiff has a statutory right to the information it seeks, and defendant has unlawfully withheld the information.

22.  Plaintiff is not required to further pursue administrative remedies.

23.  Plaintiff asks this Court to enter a judgment declaring that:

a.       Plaintiff is entitled to records responsive to its FOIA request described above, and any attachments thereto, but defendant has failed to provide the records;

b.       Defendant's processing of plaintiff's FOIA request described above is not in accordance with the law, and does not satisfy defendant's obligations under FOIA;

c.       Defendant must now produce records responsive to plaintiff's request, and must do so without cost to the plaintiff.

### SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

24.  Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

25.  Plaintiff is entitled to injunctive relief compelling defendant to produce the records

responsive to the FOIA request described herein at no cost to the plaintiff.

26.   Plaintiff is entitled to injunctive relief compelling defendant to grant the plaintiff's requests in the alternative for a fee waiver.

27.   Plaintiff asks the Court to enter an injunction ordering defendant to produce to plaintiff, within 20 business days of the date of the order, the requested records sought in plaintiff's FOIA request described above, and any attachments thereto, at no cost to the plaintiff.

28.   Alternatively, plaintiff asks the Court to enjoin defendant from seeking fees for processing and releasing the records that are at issue in this case.

29.   Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after plaintiff receives the last of the produced documents, addressing defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with plaintiff's challenges to defendant's withholdings, if any, and any other remaining issues.

## THIRD CLAIM FOR RELIEF
### Costs And Fees

30.   Plaintiff restates and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

31.   Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

32.   This Court should enter an injunction or other appropriate order or judgment requiring the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

**PRAYER FOR RELIEF**

Government Accountability & Oversight respectfully requests this Court:

A.       Assume jurisdiction in this matter, and maintain jurisdiction until the defendant complies with FOIA and every order of this Court;

B.       Declare that defendant has violated FOIA by failing to provide plaintiff with the requested information, by improperly categorizing a simple request as "complex," failing to grant plaintiff's requests for fee waiver, by failing to respond to plaintiff's administrative appeal, and/or by failing to notify plaintiff of final determinations within the statutory time limits;

C.       Declare that the documents sought by the request, as described in the foregoing paragraphs, are public records under 5 U.S.C. § 552 *et seq*. and must be disclosed;

D.       Order defendant to expeditiously provide the requested records to plaintiff within 20 business days of the Court's order;

E.       Award plaintiff's attorneys their reasonable fees and other litigation costs reasonably incurred pursuant to 5 U.S.C. § 552(a)(4)(E); and

F.       Grant such other relief as this Court deems just and proper.

Respectfully submitted this the 24th day of February 2026,

GOVERNMENT ACCOUNTABILITY & OVERSIGHT
By Counsel:

/s/ Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
101 Rainbow Drive #11506
Livingston, TX 77399
Phone: (202) 802-1948
Email: MatthewDHardin@gmail.com